# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Amber Carter, | ) |
|       Plaintiff, | ) |
| | ) Civil Action No.: 2:13-CV-00287-PMD |
| v. | ) |
| Bridgestone Americas, Inc., | ) **ORDER** |
|       Defendant. | ) |

This matter is before the Court upon Plaintiff's Motion to Remand ("Motion") pursuant to 28 U.S.C. § 1447. Plaintiff argues that the amount in controversy requirement of 28 U.S.C. § 1332 is not met, and therefore, the Court lacks subject matter jurisdiction. The Court has reviewed the record and the memoranda of counsel. For the reasons set forth below, Plaintiff's Motion is granted.

## BACKGROUND/ PROCEDURAL HISTORY

Plaintiff, a South Carolina citizen, sued Defendant Bridgestone Americas Tire Operations, Inc.[1] ("BATO"), a Delaware limited liability company with its principal place of business in Tennessee, and Gene Reed Enterprises ("Gene Reed"), an automobile sales business and a citizen of South Carolina, for injuries arising out of an accident allegedly caused by a tire manufactured by BATO and sold to Plaintiff by Gene Reed. Plaintiff alleges that on or about July 19, 2009, a tire "failed and shredded causing her to lose control of her motor vehicle and careen from the roadway and strike an embankment." Pl.'s Am. Compl. ¶ 6. Plaintiff states the "vehicle was damaged and she was physically and emotionally harmed and traumatized" as a

---

[1] Improperly identified in the caption as Bridgestone Americas, Inc.

1

result of this incident. *Id.* at ¶ 8. The Complaint does not request a specific amount of damages, instead asking generally for compensatory damages and such other relief as this Court deems just and necessary. *Id.* at ¶ 15.

This action was originally filed in the Court of Common Pleas, Charleston County, South Carolina, on July 19, 2012. On October 22, 2012, Plaintiff dismissed Gene Reed "with prejudice." *See* ECF No. 1, Exh. 2. Thereafter, Plaintiff filed an Amended Complaint, but improperly named Gene Reed as a defendant. The state court entered an order striking Gene Reed from the caption of this case and any reference thereto. On January 31, 2013, Defendant, within thirty days of learning about Gene Reed's dismissal from the case, filed with this Court a Notice of Removal based upon diversity jurisdiction. On June 22, 2013, Plaintiff filed the Motion now before the Court. Plaintiff attached an exhibit entitled "Declaration of Value in Controversy" ("Declaration") whereby Plaintiff, by and through her attorney, declares that the amount in controversy is no more than $60,000.00. *See* ECF. No. 14, Exh. 1. This Declaration is signed only by Plaintiff's attorney. On July 3, 2013, BATO filed a Memorandum in Opposition arguing that remand is improper because the post-removal stipulation (i.e., the Declaration) is both defective and not binding and Plaintiff's Motion is untimely.[2] Plaintiff filed a Reply on July 15, 2013, and attached a notarized affidavit wherein she states that she "will not seek to recoup or execute collection for any amount beyond the principle amount declared," and she "agree[s] that the value of the amount in controversy is not more than $60,000.00." ECF No. 19, Exh. 1.

---

[2] The Court will not address Defendant's untimely argument as the rule clearly states that the thirty day time frame for filing a motion to remand applies to defects *other than* lack of subject matter jurisdiction. *See* 28 U.S.C. 1447(c).

## **DISCUSSION**

The sole issue before the Court is whether the $75,000.00 amount in controversy requirement of diversity jurisdiction is met. Plaintiff asserts in her Reply that the Declaration is determinative. Defendant argues that Plaintiff could have limited her claim "for all purposes" as permitted by South Carolina Rule of Civil Procedure 8(a) or sought leave to amend her Complaint. Instead, Plaintiff filed a defective stipulation, signed only by her lawyer. As such, Defendant contends that the Court should deny Plaintiff's Motion because the stipulation of damages is not a binding statement concerning the amount in controversy.

Without a basis for federal subject matter jurisdiction, the Court must remand the case to state court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). Moreover, the removal statute is to be strictly construed and doubts resolved in favor of remanding the case to state court. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). The burden of demonstrating jurisdiction resides with "the party seeking removal." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (citing *Mulcahey*, 29 F.3d at 151). The Fourth Circuit has not adopted a rule regarding the burden of proof on the removing party for establishing the amount in controversy. *See, e.g., Rota v. Consolidation Coal Co.*, No. 98-1807, 1999 WL 183873, at *1 n.4 (4th Cir. Apr. 5, 1999) (expressly declining to adopt any particular standard of proof for determining the amount in controversy) (unpublished opinion). Regardless, "courts within the District of South Carolina have leaned towards requiring defendants in this position to show either to a 'legal certainty' or at least within a 'reasonable probability' that the amount in controversy has been satisfied." *Brooks v. GAF Materials Corp.*, 532 F. Supp. 2d 779, 781–82 (D.S.C. 2008) (citing *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 461 (D.S.C.

2005)). The Court, however, finds that it need not resolve this issue because under any standard of proof, the Court is convinced that Plaintiff's affidavit reveals that the Court lacks subject matter jurisdiction.

As a general rule, the amount in controversy in an action that is removed based on diversity of citizenship should be measured "at both the time of commencement [of the action in state court] and the time of removal." *Sayers v. Sears, Roebuck & Co.*, 732 F. Supp. 654, 656 (W.D. Va. 1990). A post-removal event, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, does not deprive a federal court of diversity jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938). Nevertheless, various jurisdictions have found that a post-removal stipulation "that damages will not exceed the jurisdictional minimum" can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint. *See Ferguson v. Wal–Mart Stores, Inc.*, No. 94–2696, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (unpublished) (remanding case when the plaintiff alleged an unspecified amount of damages and then filed a post-removal stipulation clarifying that the amount of damages sought was below the jurisdictional amount); *Gwyn v. Wal–Mart Stores, Inc.*, 955 F. Supp. 44, 46 (M.D.N.C. 1997) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached. However, when facing indeterminate claims, . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount. (internal citation and quotation marks omitted.)); *Tommie v. Orkin, Inc.*, No. 8:09-1225-HMH, 2009 WL 2148101, at *2 (D.S.C. July 15, 2009) (same); *compare Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 532–33 (D.S.C. 1999) (distinguishing *Ferguson*).

5

The Court finds that *St. Paul* is not controlling in this case. Defendant concedes that "Plaintiff does not specify an amount of damages in her Complaint." ECF No. 1, ¶ 10. The Court interprets Plaintiff's statements in her notarized affidavit as to the amount in controversy as a stipulation, clarifying that the total amount of damages sought by her Complaint is not more than $60,000.000. Accordingly, the Court is without subject matter jurisdiction and remands the case to the state court.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

**AND IT IS SO ORDERED.**

*/s/ Patrick Michael Duffy*
PATRICK MICHAEL DUFFY
United States District Judge

**July 31, 2013**
**Charleston, SC**

5